**ESTATE OF Albert F. GRIMM, deceased, Plaintiff–Appellant,**

v.

**John M. EVANS, Defendant–Appellee.**

No. 09CA1071.

Colorado Court of Appeals, Div. V.

Sept. 2, 2010.

Rehearing Denied Nov. 10, 2010.

---

**6.** Although S&S presented expert testimony to the contrary, the court found Berra's expert more credible on these matters.

Poskus, Caton & Klein, P.C., Bernard A. Poskus, Denver, Colorado, for Plaintiff–Appellant.

Underhill & Underhill, P.C., Joanne P. Underhill, Colin E. Moriarty, Greenwood Village, Colorado, for Defendant–Appellee.

Opinion by Judge RUSSEL.

Plaintiff, the Estate of Albert F. Grimm, appeals from an order compelling arbitration and dismissing its action against defendant, John M. Evans. We vacate the order and remand for a hearing.

## I. Background

Albert F. Grimm and his son hired Evans to perform legal services. They signed a contract that contained the following arbitration clause:

> Both client and attorney agree to have any and all disputes with the attorney settled, at the sole option of attorney, by arbitration by the Colorado or Denver Bar Association, or American Arbitration Association, and to be bound by the decision of such arbitrator if arbitration is pursued by attorney.

After the contract was signed, Evans formed two limited liability companies, which then took control of some of Grimm's assets.

Grimm died several months later. Thereafter, his estate sued Evans, alleging attorney malpractice, civil conspiracy, and tortious interference with inheritance. Among other things, the complaint alleged that Grimm had "lacked sufficient mental capacity to comprehend the nature and effect of Evans' advice, and the nature and effect of the documents drafted by Evans."

Evans moved to compel arbitration and to dismiss the action for lack of subject matter

jurisdiction. The estate responded that the court should refrain from compelling arbitration for two reasons: (1) the arbitration provision is unconscionable; and (2) when Grimm signed the agreement, he lacked the mental capacity to enter into a contract. In support of its position, the estate attached the affidavit of Grimm's physician, who stated that it was his "professional opinion that Mr. Grimm could not have properly understood what he was signing."

The district court dismissed the action and ordered the parties to arbitrate.

## II. Jurisdiction

We first consider whether we have jurisdiction to hear this appeal. We conclude that we do. Although a party may not appeal from an order staying proceedings pending arbitration, it may appeal from an order compelling arbitration and dismissing all claims. See *Galbraith v. Clark*, 122 P.3d 1061, 1063 (Colo.App.2005) ("[A]n order compelling arbitration and dismissing the case is a final appealable order.").

## III. Merits

The estate contends that, before ordering arbitration, the court should have held a hearing to determine whether the arbitration agreement was unconscionable and whether Grimm was competent when he signed the contract. We agree.

We reach our decision in three steps. We first conclude, under existing authority, that the court was required to determine whether the arbitration clause was enforceable. We next conclude, as a matter of first impression, that the court was required to determine whether Grimm was capable of entering into the contract. Finally, we conclude that a hearing was required because neither issue could be resolved as a matter of law.

A. The court was required to determine whether the arbitration clause was unconscionable.

The parties agree that this case is governed by the Colorado Uniform Arbitration Act (CUAA), sections 13–22–201 to –230, C.R.S.2009. As pertinent here, the CUAA requires the court to determine "whether an agreement to arbitrate exists." § 13–22–206(2), C.R.S.2009. But it assigns to the arbitrator such issues as "whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable." § 13–22–206(3), C.R.S.2009.

It is not always easy to tell whether a particular issue should be resolved by the court or by the arbitrator. To assist in this determination, the Colorado Supreme Court has employed the separability doctrine that is used to decide arbitrability under the Federal Arbitration Act (FAA). See *Ingold v. AIMCO/Bluffs, L.L.C. Apartments*, 159 P.3d 116, 120–21 (Colo.2007) (separability doctrine applies under a former version of the CUAA); *J.A. Walker Co. v. Cambria Corp.*, 159 P.3d 126, 129 (Colo.2007) (doctrine applies under the current version of the CUAA); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Corp.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (source of the separability doctrine).

Under this doctrine, a court must resolve any challenge to the arbitration provision; but it must let the arbitrator decide any challenge to the entire contract. Compare *J.A. Walker*, 159 P.3d at 130 (ordering the trial court to resolve allegations of fraudulent inducement that were directed against the arbitration agreement), *with Ingold*, 159 P.3d at 121 (ordering parties to arbitrate a claim of fraudulent inducement that was directed at the entire contract).

Applying the separability doctrine here, we conclude that the court was required to determine whether the arbitration provision was unconscionable. The estate's defense was aimed solely at this provision. *Cf. Jenkins v. First American Cash Advance, LLC*, 400 F.3d 868, 877 (11th Cir.2005) (under the FAA, the court must decide whether an arbitration provision is unconscionable).

B. The court was required to determine whether Grimm had the mental capacity to enter into a contract.

In deciding arbitrability under the FAA, the United States Supreme Court has

recognized the difference between questions about "the contract's validity" and questions about "whether any agreement . . . was ever concluded." *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 444 n. 1, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). The Court has included, in this latter category, questions about a party's mental capacity to enter into a contract. *Id.* (citing *Spahr v. Secco,* 330 F.3d 1266, 1273 (10th Cir.2003)).[1] And it has recognized, albeit implicitly, that this category of issues is exempt from the separability doctrine. *See Granite Rock Co. v. Int'l Brotherhood of Teamsters,* — U.S. —, —, 130 S.Ct. 2847, 2855–56, 177 L.Ed.2d 567 (2010) (characterizing as "well settled" that courts generally decide disputes about contract formation).

The Colorado Supreme Court has yet to decide whether a mental capacity defense is exempt from the separability inquiry under the CUAA. But we conclude that it is. Even when aimed at the entire contract, the defense must be resolved by a court (and not an arbitrator) because it denies that "an agreement to arbitrate exists," under section 13–22–206(2). *Cf. Spahr,* 330 F.3d at 1273 (under the FAA, the trial court properly decided whether a signer had the mental capacity to enter into a contract); *FL–Carrollwood Care Center, LLC v. Estate of Gordon,* 34 So.3d 804, 806 (Fla.Dist.Ct.App.2010) (under state statute, a court must decide whether a party possessed the mental capacity to enter into a contract containing an arbitration agreement); *In re Morgan Stanley & Co.,* 293 S.W.3d 182, 189 (Tex.2009) (under the FAA, the court properly decided whether an account holder lacked mental capacity when she signed account agreements that contained arbitration clauses).

For our purposes, it does not matter whether the estate's mental capacity defense would render the contract void, or merely voidable. *See Buckeye Check Cashing,* 546 U.S. at 446, 126 S.Ct. 1204 (for purposes of separability analysis under the FAA, it is irrelevant whether the contract is void or

voidable). It matters only that the defense challenges the existence of an agreement to arbitrate. Without that agreement, the arbitrator cannot act:

> Courts have jurisdiction to determine their jurisdiction not only out of necessity (how else would jurisdictional disputes be resolved?) but also because their authority depends on statutes rather than the parties' permission. Arbitrators lack a comparable authority to determine their own authority because there is a non-circular alternative (the judiciary) and because the parties do control the existence and limits of an arbitrator's power. No contract, no power.

*Sphere Drake Ins. Ltd. v. All American Ins. Co.,* 256 F.3d 587, 591 (7th Cir.2001).

We therefore conclude that the trial court was required to determine whether Grimm lacked the mental capacity to enter into a contract when he signed the agreement.

> C. The court was required to hold a hearing because neither of the estate's defenses could be determined as a matter of law.

■ Contrary to Evans's view, Grimm's mental capacity was fairly placed at issue by the estate's allegations and the physician's letter. Therefore, the court was required to hold a hearing to decide whether Grimm was "incapable of understanding and appreciating the extent and effect of business transactions in which he engaged." *Hanks v. McNeil Coal Corp.,* 114 Colo. 578, 585, 168 P.2d 256, 260 (1946) (quoting *Ellis v. Colorado Nat'l Bank,* 90 Colo. 489, 498–99, 10 P.2d 336, 340 (1932)).

The estate's unconscionability defense rests, in part, on the one-sided nature of the arbitration provision. (The contract gives a lawyer the sole authority to determine whether to arbitrate against a client.) But the defense also rests on an assertion that Grimm was mentally infirm when he execut-

---

1. Other issues in this category include "whether the alleged obligor ever signed the contract," and "whether the signor lacked authority to commit the alleged principal." *Buckeye Check Cashing,* 546 U.S. at 444 n. 1, 126 S.Ct. 1204 (citing *Chastain v. Robinson–Humphrey Co.,* 957 F.2d 851 (11th Cir.1992); *Sandvik AB v. Advent Int'l Corp.,* 220 F.3d 99 (3d Cir.2000); *Sphere Drake Ins. Ltd. v. All American Ins. Co.,* 256 F.3d 587 (7th Cir.2001)).

ed the agreement.[2] Because this latter inquiry is inherently tied to the mental capacity defense, it too required a hearing. *See Lawrence v. Miller,* 48 A.D.3d 1, 853 N.Y.S.2d 1, 8 (2007) (issue of unconscionability could not be resolved without determining the party's mental capacity, what she was advised, and whether she understood the ramifications of the agreement), *aff'd,* 11 N.Y.3d 588, 873 N.Y.S.2d 517, 901 N.E.2d 1268 (2008).

We therefore vacate the court's order and remand for an evidentiary hearing so that the district court may "proceed summarily to decide" the estate's challenges to the arbitration agreement. § 13–22–207(1)(b), C.R.S. 2009.

### IV. Attorney Fees on Appeal

Because neither party's position was substantially frivolous, groundless, or vexatious, we decline to award attorney fees under section 13–17–102, C.R.S.2009, and C.A.R. 39.5.

The order is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge GRAHAM and Judge LICHTENSTEIN concur.

---

**2.** This assertion supports an unconscionability defense because it raises the possibility that one party may have taken unfair advantage of another party's weakness. *See Davis v. M.L.G. Corp.,* 712 P.2d 985, 991 (Colo.1986) (in determining unconscionability, courts consider, among other things, "the relationship of the parties, including factors of assent, unfair surprise and notice" and "the circumstances surrounding the formation of the contract"); *Taylor Bldg. Corp. v. Benfield,* 117 Ohio St.3d 352, 884 N.E.2d 12, 22–23 (2008) (factors which may contribute to a finding of unconscionability in the bargaining process include whether a stronger party knew that a weaker party was unable to reasonably protect his interests by reason of mental infirmity) (citing Restatement (Second) of Contracts § 208 cmt. d (1981)).