# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 1

Kathleen Melaas,                                        Plaintiff and Appellant

v.

Diamond Resorts U.S.
Collection Development, LLC,                    Defendant and Appellee

## No. 20200055

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen, Justice Crothers, and Justice Tufte joined, and Justice VandeWalle concurred in the result.

Joshua A. Swanson, Fargo, ND, for plaintiff and appellant.

Matthew D. Lamb (argued), Washington, DC, and Joseph A. Wetch, Jr. (appeared), Fargo, ND, for defendant and appellee.

**Melaas v. Diamond Resorts U.S. Collection Development**
**No. 20200055**

**McEvers, Justice.**

[¶1]   Kathleen Melaas appeals from a district court order granting a motion to compel arbitration and dismissing her complaint against Diamond Resorts U.S. Collection Development, LLC. Melaas argues the district court erred by ordering arbitration because the contract containing the arbitration agreement is unenforceable and void, she lacked the necessary capacity to consent to the contract, and any consent was obtained by undue influence, duress, menace, or fraud. We conclude the district court erred by ordering arbitration without first deciding Melaas' capacity to consent challenge to the formation of the contract. We reverse and remand.

I

[¶2] In August 2019, Melaas sued Diamond Resorts claiming undue influence, lack of capacity to consent, and unlawful practices under N.D.C.C. ch. 51-15, and requesting the district court declare her October 30, 2018 timeshare agreement with Diamond Resorts is not a valid and binding agreement. She alleged Diamond Resorts offers vacation and timeshare packages, she attended a sales meeting with a Diamond Resorts representative, the sales meeting lasted approximately five hours, and she asked to leave the meeting on at least one occasion and Diamond Resorts refused to allow her to leave. She claimed Diamond Resorts knew she was a diabetic and experienced fatigue and confusion, Diamond Resorts knew she was a vulnerable adult subject to a durable power of attorney for financial management, and Diamond Resorts would not allow her to leave the sales meeting until she signed the timeshare agreement. Melaas asserted she lacked the capacity to enter into the agreement, Diamond Resorts used high-pressure and abusive sales tactics and knowledge of her medical condition to unduly influence and coerce her into signing the agreement, and any consent was obtained by duress and menace.

2

[¶3] Diamond Resorts moved to compel arbitration and dismiss the complaint or, alternatively, to stay proceedings. Diamond Resorts argued the agreement requires arbitration of any and all claims stemming from the contract. Diamond Resorts claimed the arbitration provision is valid and enforceable, the agreement requires arbitration of all of Melaas' claims in Nevada, and therefore arbitration should be ordered and the action should be dismissed. Melaas opposed the motion, arguing the agreement and its arbitration and forum selection clauses are unenforceable and her claims are properly before the court.

[¶4] After a hearing, the district court granted Diamond Resorts' motion to compel arbitration and dismissed Melaas' complaint. The court ordered, "This matter is referred to arbitration pursuant to the parties' agreement, and Plaintiff's Complaint is hereby DISMISSED."

II

[¶5] Diamond Resorts argues the appeal should be dismissed for lack of jurisdiction. It contends this Court's decision in *Superpumper, Inc. v. Nerland Oil, Inc.*, 1998 ND 144, 582 N.W.2d 647, applies and precludes an immediate appeal from an order compelling arbitration.

[¶6] Most states have adopted the Uniform Arbitration Act or the Revised Uniform Arbitration Act. *See* Unif. Arbitration Act (1956), U.L.A. Refs & Annos; Unif. Arbitration Act (2000), U.L.A. Refs & Annos. The North Dakota Legislature adopted the Uniform Arbitration Act (UAA) in 1987. *See* 1987 N.D. Sess. Laws ch. 408; *Superpumper*, 1998 ND 144, ¶ 9. In 2003, the legislature amended the UAA and recodified it at N.D.C.C. ch. 32-29.3. *See* 2003 N.D. Sess. Laws ch. 280.

[¶7] Section 32-29.3-28(1), N.D.C.C., authorizes appeals in arbitration cases and states an appeal may be taken from:

> a. An order denying a motion to compel arbitration;
> . . . .
> f. A final judgment entered pursuant to this chapter.

The statute further states, "An appeal under this section must be taken as from an order or a judgment in a civil action." N.D.C.C. § 32-29.3-28(2). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, also includes a section authorizing appeals in certain cases, stating:

> (a) An appeal may be taken from –
> > (1) an order –
> > > (A) refusing a stay of any action under section 3 of this title,
> > > (B) denying a petition under section 4 of this title to order arbitration to proceed,
> > > (C) denying an application under section 206 of this title to compel arbitration,
> . . . .
> > > (3) a final decision with respect to an arbitration that is subject to this title.
> > (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order –
> > > (1) granting a stay of any action under section 3 of this title;
> > > (2) directing arbitration to proceed under section 4 of this title;
> > > (3) compelling arbitration under section 206 of this title; or
> > > (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.

[¶8] Neither the UAA nor the FAA explicitly authorize an appeal from an order granting a motion to compel arbitration and dismissing the action. This Court addressed the appealability of an order compelling arbitration in *Superpumper,* 1998 ND 144. We said orders compelling arbitration are not listed as appealable under the UAA and jurisdictions that adopted the uniform act are divided about whether the orders are appealable. *Id.* at ¶ 10. This Court acknowledged that some jurisdictions hold an order compelling arbitration is appealable as a final order or an appealable interlocutory order and that other jurisdictions have held the orders are interlocutory and are not appealable. *Id.* at ¶¶ 11-12. We said, "we are persuaded by the wisdom of the decisions interpreting and applying the procedural requirements of the FAA in deciding

whether an order compelling arbitration is appealable under the UAA." *Id.* at ¶ 17. We explained the FAA states that an appeal may not be taken from an interlocutory order directing arbitration to proceed but allows an appeal from a final decision with respect to arbitration. *Id.* We said, "This statutory contrast grew out of the distinction that federal courts had previously recognized 'between so-called independent proceedings and so-called embedded proceedings.'" *Id.* (quoting *Filanto, S.P.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 60 (2d Cir. 1993)). We explained, "In an independent proceeding, the request to compel arbitration is the sole issue before the district court. In an embedded proceeding, the motion for arbitration is made in the course of a larger, substantive suit." *Superpumper,* at ¶ 18 (quoting *Napleton v. Gen. Motors Corp.*, 138 F.3d 1209, 1211 (7th Cir. 1998)). We said the lack of dismissal after ordering arbitration is often indicative of an embedded proceeding because it suggests the order compelling arbitration is not wholly dispositive of the case. *Superpumper*, at ¶ 21. We held an order to arbitrate in an embedded proceeding is not appealable, even when the practical result is to refer all claims to the arbitrator and terminates the proceedings before the district court. *Id.* at ¶¶ 22-23. We said, "The rule we adopt today for our own State procedure, that an order compelling arbitration in an embedded proceeding is not appealable, is consistent with the policy favoring arbitration endorsed by the Congress and this Court's recent precedents." *Id.* at ¶ 23. We explained the issues raised were appealable once the arbitration was complete and the district court rendered a final disposition, but an order compelling arbitration in an embedded proceeding is not appealable. *Id.*

[¶9]   This Court's decision on appealability under the UAA in *Superpumper* was guided by the federal courts' interpretation of similar appealability provisions of the FAA. Melaas argues the law about appealability under the FAA changed after *Superpumper* and therefore the order in this case is appealable.

[¶10] In *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000), and more recently in *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1414 (2019), the Supreme Court held an order compelling arbitration and dismissing a party's underlying claims is appealable under the FAA because it is a "final decision

with respect to an arbitration" within the meaning of 9 U.S.C. § 16(a)(3). The Court explained an order compelling arbitration and dismissing a party's underlying claims disposes of the entire case on the merits and leaves no part of it pending before the court, which is consistent with the longstanding interpretation of a "final decision." *Green Tree*, at 86. The Court noted that the order compelling arbitration would not have been appealable if the district court had entered a stay instead of dismissing the underlying action. *Id.* at 87 n.2. The Court also recognized that the FAA permits parties to bring a separate proceeding in a district court to enter judgment on an arbitration award once it is made, but said the "existence of that remedy does not vitiate the finality of the District Court's resolution of the claims in the instant proceeding[,]" and therefore the dismissal was "a final decision with respect to an arbitration" and is appealable. *Green Tree*, at 86.

[¶11] The proceedings in both *Lamps Plus* and *Green Tree* were "embedded" proceedings, and the Supreme Court rejected the argument that an order compelling arbitration was only appealable in an "independent" proceeding. *Green Tree*, 531 U.S. at 87-89. The Court explained "the plain language of the statutory text does not suggest that Congress intended to incorporate the rather complex independent/embedded distinction, and its consequences for finality, into § 16(a)(3)." *Id.* at 88-89. *See also Interactive Flight Techs., Inc. v. Swissair Swiss Air Trans. Co., Ltd.*, 249 F.3d 1177, 1179 (9th Cir. 2001) (recognizing *Green Tree* clarified the law and old decisions distinguishing between dismissals in "independent" and "embedded" actions are no longer good law to the extent they conflict with *Green Tree*).

[¶12] Most state courts that have considered this issue in recent years have generally held a party may appeal from an order compelling arbitration and dismissing the underlying action. *See, e.g.*, *Ala. Psychiatric Servs., P.C. v. Lazenby*, 292 So.3d 295, 299 (Ala. 2019) (holding an order granting a motion to compel arbitration is a final judgment under state procedural rules); *City of Rochester v. Kottschade*, 896 N.W.2d 541, 547-48 (Minn. 2017) (holding order compelling arbitration and dismissing the case was appealable as an appeal from a final judgment under state rules of civil appellate procedure, recognizing an order entering a stay instead of dismissal is not appealable, and

6

also explaining *Green Tree* was not relevant because state arbitration law is different from the FAA); *Sawyers v. Herrin-Gear Chevrolet Co., Inc.*, 26 So.3d 1026, 1034 (Miss. 2010) (holding an order compelling arbitration which disposes of all the issues before the trial court or orders the entire controversy to be arbitrated is a final decision and is immediately appealable whether the trial court stays the action or dismisses the action); *Kremer v. Rural Cmty. Ins. Co.*, 788 N.W.2d 538, 547-549 (Neb. 2010) (discussing cases from other jurisdictions on this issue, explaining state law is silent on whether a party may appeal an order compelling arbitration or staying judicial proceedings but the list of appealable arbitration orders is not exclusive, under the state's UAA both orders have the same effect in that the parties cannot litigate their dispute in court because the order divests the court of jurisdiction to hear the dispute, and both types of orders are final orders affecting a substantial right in a special proceeding and are appealable); *Williams v. TAMKO Bldg. Prods., Inc.*, 451 P.3d 146, 150-51 (Okla. 2019) (recognizing both the FAA and OUAA allow appeals from arbitration orders that are a final decision, and holding an order granting a motion to stay proceedings and compel arbitration was appealable because it is a final decision under the OUAA); *Widener v. Fort Mill Ford*, 674 S.E.2d 172, 173-74 (S.C. Ct. App. 2009) (order compelling arbitration and dismissing action was immediately appealable, citing *Green Tree* and explaining state law does not preclude the order from being appealed and stating the court finally determined the parties' rights by dismissing the action); *In re Gulf Explr., LLC*, 289 S.W.3d 836, 839-40 (Tex. 2009) (summarizing decisions on the issue in other states, recognizing most uniform act states follow *Green Tree*, and holding Texas allows review from an order compelling arbitration and dismissing the action because it is a final order and is not an interlocutory order).

[¶13] The UAA and FAA contain similar language allowing appeals from final orders. *Compare* N.D.C.C. § 32-29.3-28(f), *with* 9 U.S.C. § 16(a)(3). Because our interpretation of appealability under the UAA was previously guided by the federal courts' interpretation of the appealability provisions of the FAA and to remain consistent with other states that have adopted the uniform act, we conclude an appeal from an order compelling arbitration and dismissing the

underlying action is appealable. *Superpumper* is overruled to the extent it conflicts with our decision in this case.

III

[¶14] Melaas argues the district court erred by granting Diamond Resorts' motion to compel arbitration and dismissing her complaint.

[¶15] "An order granting a motion to compel arbitration is reviewed de novo on appeal, unless the district court's decision was based on factual findings, which will only be reversed on appeal if they are clearly erroneous." *26th St. Hosp., LLP v. Real Builders, Inc.*, 2016 ND 95, ¶ 11, 879 N.W.2d 437. The interpretation of a contract to determine its legal effect is a question of law, which is fully reviewable on appeal. *Id.*

[¶16] The relevant portion of the arbitration provision of the timeshare agreement states:

> 16.1 <u>Arbitration of Claims</u>. Any Claim (defined in Section 16.2 below) between You and Diamond, whether preexisting, present or future, arising from or relating to this Agreement or the Collection shall, at the election of either party, be arbitrated on an individual basis before JAMS . . . pursuant to its Streamlined Rules. . . . The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., shall govern the interpretation and enforcement of this Provision. . . . The arbitrator shall follow applicable substantive law consistent with the FAA, apply applicable statutes of limitations, honor valid claims of privilege, and issue a written reasoned decision which will be final and binding except for any review under the FAA. The arbitrator may award all remedies that would apply in an individual court action (subject to constitutional limits that would apply in court). Any in-person hearing will be held in Clark County, Nevada unless otherwise agreed. . . .
> 16.2 <u>Claims</u>. "Claim" shall be broadly construed and includes, without limitation, disputes concerning: purchase, financing, ownership or occupancy; breach, termination, cancellation or default; condition of any Collection Accommodation; THE Club or other exchange programs; reservations, points or rewards programs; applications and personal information; marketing or

8

sales solicitations, representations, advertisements, promotions or disclosures; and collection of delinquent amounts and the manner of collection. "Claim" also includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, Uniform Commercial Code, regulation, ordinance, common law and equity. . . .

. . . .

16.4 <u>Application of the Provision</u>. An arbitration award may be enforced in any court with jurisdiction. This Provision shall survive the breach, cancellation, termination or rescission of this Agreement, and any bankruptcy to the extent permitted by law.

This provision requires the FAA to govern the interpretation and enforcement of the arbitration agreement.

[¶17] Under the FAA, "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Upon the application of one of the parties, the court shall stay any suit or proceeding brought on an issue referable to arbitration under an arbitration agreement until the arbitration has been had in accordance with the terms of the arbitration agreement. 9 U.S.C § 3. Section 4 of the FAA authorizes a party to petition the court to compel arbitration, stating:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration

agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4.

[¶18] The FAA governs arbitration agreements in contracts involving interstate commerce. *See Real Builders*, 2016 ND 95, ¶ 14. The parties do not dispute that the timeshare agreement is a contract involving interstate commerce or that the FAA applies. The FAA governs the interpretation and enforcement of the arbitration agreement in this case.

[¶19] Melaas argues the entire timeshare agreement, including the arbitration agreement and forum selection clause, is unenforceable and void because she lacked the ability to consent to the agreement and any purported consent was obtained by Diamond Resorts' undue influence, duress, menace, or fraud. She contends the court was required to decide whether a valid contract existed before it could compel arbitration.

[¶20] In *Real Builders*, 2016 ND 95, ¶ 12, this Court considered whether a challenge to the validity of a contract should be determined by the court or the arbitrator under the FAA and UAA. The plaintiff argued the contract was fraudulently entered into and the court was required to determine whether the contract was valid. *Id.* Quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010), we explained there are two types of validity challenges, one type challenges the validity of the agreement to arbitrate and the other type challenges the validity of the contract as a whole, but only a challenge to an agreement to arbitrate is relevant to a court's determination whether the arbitration agreement is enforceable under the FAA. *Real Builders,* at ¶ 17. An arbitration agreement is severable from the remainder of the contract, and therefore a party's challenge to the contract as a whole does not prevent a court from enforcing a specific agreement to arbitrate. *Id.* The basis of the challenge must be directed specifically at the agreement to arbitrate for the court to decide the issue, even when the alleged fraud that induced the whole contract equally induced the agreement to arbitrate. *Id.* We held the district court did not err in refusing to decide the plaintiff's claims related to the validity of the

entire contract before ordering arbitration. *Id.* at ¶ 19. This case remains consistent with federal cases interpreting the FAA.

[¶21] In *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006) (citation omitted), the Supreme Court explained there are two types of challenges to the validity of arbitration agreements:

> One type challenges specifically the validity of the agreement to arbitrate. The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.

In a footnote, the Court also explained a claim that a contract does not exist is different from a challenge to the validity of the contract as a whole, stating:

> The issue of the contract's validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded. Our opinion today addresses only the former, and does not speak to the issue decided in the cases cited by respondents (and by the Florida Supreme Court), which hold that it is for courts to decide whether the alleged obligor ever signed the contract, *Chastain v. Robinson–Humphrey Co.*, 957 F.2d 851 (C.A. 11 1992), whether the signor lacked authority to commit the alleged principal, *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99 (C.A. 3 2000); *Sphere Drake Ins. Ltd. v. All American Ins. Co.*, 256 F.3d 587 (C.A. 7 2001), and whether the signor lacked the mental capacity to assent, *Spahr v. Secco,* 330 F.3d 1266 (C.A. 10 2003).

*Buckeye*, at 444 n.1. The Court explained that if the challenge is to the validity of the arbitration clause itself, it is an issue which goes to the making of the agreement to arbitrate under § 4 of the FAA, and the court may adjudicate it, but the statutory language in the FAA does not permit the court to consider challenges to the validity of the entire contract as a whole. *Id.* at 445. The Court further explained that under the FAA the arbitration provision is severable from the remainder of the contract, the issue of the contract's validity is determined by the arbitrator unless the challenge is to the arbitration clause itself, and arbitration law applies in state and federal courts. *Id.* at 445-46. The

11

Court held, "We reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449.

[¶22] Although the issue of the validity of a contract as a whole must be decided by the arbitrator, the Supreme Court stated in *Buckeye*, 546 U.S. at 444 n.1, that the issue of a contract's validity is different from the issue of whether an agreement was ever formed and a contract exists. The Court explained its decision only addressed the issue of a contract's validity and did not speak to the issue of whether the court should decide a claim that a contract does not exist, including claims the signor lacked the mental capacity to assent to the contract. *Id.*

[¶23] The Supreme Court again alluded to the issue in *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) (citations and quotations omitted), stating:

> It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination. It is similarly well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide.

The Court said courts should order arbitration of a dispute only where the court is satisfied neither the formation of the arbitration agreement nor its enforceability or applicability to the dispute is in issue, and if either is in issue then the court must resolve the disagreement. *Id.* at 299-300.

[¶24] The federal courts of appeals that have directly addressed a capacity to contract challenge are split in deciding whether a court or an arbitrator is required to determine whether a contact exists. In *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471-72 (5th Cir. 2002), the court held the issue of a party's mental capacity to execute a contract was for the arbitrator to decide. The court explained the Supreme Court has held the "making" of an agreement to arbitrate under § 4 of the FAA was not called into question by an allegation that the entire contract was void, the capacity defense was a defense to the

12

entire agreement and was not a specific challenge to the arbitration clause, and therefore the issue was part of the underlying dispute between the parties and must be submitted to the arbitrator. *Id.* at 472. *See also* 4 Am. Jur. 2d *Alternative Dispute Resolution* § 78 (citing *Primerica* for the proposition that the issue of whether a party had the mental capacity to execute the contract is a question for the arbitrator).

[¶25] However, in *Spahr v. Secco*, 330 F.3d 1266, 1273 (10th Cir. 2003), the court held the court should decide a mental capacity challenge to a contract providing for arbitration under the FAA. The court explained § 4 of the FAA states the court shall order arbitration upon being satisfied the "making" of the agreement for arbitration is not an issue, a mental incapacity defense goes to both the entire contract and the specific agreement to arbitrate the contract, and therefore a claim that a party lacked the mental capacity to enter into an enforceable contract placed the "making" of an agreement to arbitrate at issue under § 4 of the FAA. *Spahr*, at 1273. The court stated that unlike fraud in the inducement which can be directed at individual provisions in a contract, a mental capacity challenge can only be directed at the entire contract. *Id.*

[¶26] State courts that have decided the issue have generally held a party's capacity to consent to a contract and therefore whether a contract was ever formed is an issue for the court to decide. *See Estate of Grimm v. Evans*, 251 P.3d 574, 577 (Colo. Ct. App. 2010) (holding a mental capacity defense must be resolved by the court because it denies that an agreement to arbitrate exists and without an agreement to arbitrate the arbitrator cannot act); *Bark v. Lake Country Chevrolet Cadillac, LLC*, 321 P.3d 1007, 1010-11 (Okla. Civ. App. 2014) (holding § 4 of the FAA requires the court to determine whether a valid contract containing an arbitration agreement was ever formed when plaintiff alleged he lacked capacity to "make" a contract); *In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182, 187-89 (Tex. 2009) (holding a challenge to whether any agreement was ever concluded and exists based on a mental capacity challenge is an issue for the court to decide); *Rhymer v. 21st Mortg. Corp.*, 2006 WL 3731937, 3-4 (Tenn. Ct. App. 2006) (holding the court must decide the incompetence to contract issue). Courts have also recognized the decision in *Primerica* has been roundly criticized, other courts generally have not followed

its reasoning, and the same court later held in *Will-Drill Res., Inc. v. Samson Res., Co.*, 352 F.3d 211 (5th Cir. 2003), that the court must first resolve a dispute where a party attacks the existence of an agreement as opposed to its continued validity or enforcement. *Morgan Stanley*, at 189.

[¶27] Courts have also held other types of challenges to the formation or existence of a contract, and not the contract's validity, are issues for the court to decide before arbitration can be ordered. *See e.g.*, *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 107 (3d Cir. 2000) (holding existence of the underlying contract must be decided before arbitration can be ordered when defendant alleged agent lacked authority to sign contract); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) (holding "[i]ssues regarding the *validity* or *enforcement* of a putative contract mandating arbitration should be referred to an arbitrator, but challenges to the *existence* of a contract as a whole must be determined by the court prior to ordering arbitration."); *Toledano v. O'Connor*, 501 F. Supp.2d 127, 138-41 (D.D.C. 2007) (holding the court was the proper forum for deciding plaintiffs' challenge to the existence of a contract when plaintiffs alleged no contract ever existed because offer was withdrawn before other party accepted); *Rowe Enters. LLC v. Int'l Sys. & Elecs. Corp.*, 932 So.2d 537, 541-42 (Fla. Dist. Ct. App. 2006) (holding the court must decide whether signature on contract was a forgery before ordering arbitration); *Thompson v. Lithia Chrysler Jeep Dodge of Great Falls, Inc.*, 185 P.3d 332, 338-39 (Mont. 2008) (holding the court is the appropriate forum to determine whether a contract exists when a party challenges a contract containing an arbitration clause on the ground that the parties never entered into a contract because a condition precedent was not met).

[¶28] These courts have explained that there are three types of challenges in arbitration cases:

> (1) [A] challenge to the validity of the contract as a whole, (2) a challenge to the validity of the arbitration provision itself, and (3) a challenge to whether any agreement was ever concluded. *Prima Paint [Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967),] reserves the first category for the arbitrator and the second category for the court. *Buckeye*, 546 U.S. at 446, 126 S.Ct. 1204.

14

> Since *Buckeye*, the federal courts, a state supreme court, and other state appellate courts have generally concluded that the third category involves a threshold inquiry for the court.

*Morgan Stanley*, 293 S.W.3d at 187; *see also Rowe Enters.*, 932 So.2d at 540. Arbitration is a matter of consent, arbitrators have authority to resolve disputes only because the parties agreed to submit their disputes to arbitration, a court can only order arbitration when it is satisfied the parties agreed to arbitrate that dispute, and the court must resolve any issue that challenges the formation of the arbitration agreement a party seeks to have the court enforce. *See Granite Rock*, 561 U.S. at 299-300. If the contract containing the arbitration agreement was never formed and therefore does not exist, then the parties never agreed to arbitrate. *See Thompson*, 185 P.3d at 338; *see also Estate of Grimm*, 251 P.3d at 577; *Bark*, 321 P.3d at 1110-11. If a party claims a contract was never formed and does not exist because the party lacked the mental capacity to consent, then the "making of the agreement for arbitration" is at issue and the court must determine whether an agreement exists before ordering arbitration. *See Spahr*, 330 F.3d at 1273; *Bark*, at 1010-11; 9 U.S.C. § 4 (stating the court shall order arbitration upon being satisfied that the making of the agreement for arbitration is not in issue). We find this reasoning persuasive. We conclude the court must decide whether a contract was formed before ordering arbitration if a party challenges the existence of the contract containing the arbitration agreement by alleging she lacked the capacity to consent.

[¶29] In summary, when a party moves to compel arbitration, the district court must first determine if there is an arbitration agreement requiring arbitration of the dispute between the parties. If there is an arbitration agreement applicable to the dispute, the court must then decide any challenges to the making of the arbitration agreement, including any challenges to the validity of the arbitration agreement itself and any claims that the contract containing the arbitration agreement was never formed because one party did not have the capacity to consent to the agreement. Any claims challenging the contract as a whole based on alleged fraud or duress or similar claims must be decided by the arbitrator. After resolving any challenges to the making of the

15

arbitration agreement, the court must order arbitration if the court has determined that a valid arbitration agreement exists requiring arbitration of the dispute.

[¶30] Melaas claimed she could not enter into the timeshare agreement because she could not form the required consent. She alleged she has multiple medical conditions, which impacted her decision making capabilities, and she was a vulnerable adult. Christina Melaas Hargiss, Melaas' daughter, filed an affidavit in support of Melaas' argument that she did not have capacity to consent to the timeshare agreement. Because Melaas claimed she lacked the capacity to consent to the timeshare agreement at the time it was executed, and provided an affidavit supporting her argument, we conclude the district court erred in ordering arbitration without holding an evidentiary hearing and deciding whether a contract exists.

[¶31] However, Melaas' claims about fraud, duress, menace, and undue influence are arguments about the validity of the entire contract, which under law applicable to arbitration, do not challenge the existence of the contract. *See Real Builders*, 2016 ND 95, ¶¶ 17-19. Because these claims challenge the validity of the entire timeshare agreement and do not challenge the validity of the arbitration agreement itself, they are issues for the arbitrator to decide if the district court determines that a contract exists and arbitration is appropriate.

[¶32] We conclude the district court erred by granting Diamond Resorts' motion to compel arbitration before deciding whether a contract containing an arbitration agreement was formed. On remand the court must hold an evidentiary hearing and decide whether a contract containing an arbitration agreement exists.

[¶33] The district court did not give any explanation for dismissing the action after ordering arbitration. Section 32-29.3-07(7), N.D.C.C., states, "If the court orders arbitration, the court on just terms *shall stay* any judicial proceeding that involves a claim subject to the arbitration." (Emphasis added.) *See also Kottschade*, 896 N.W.2d at 548-49 (holding district court erred in dismissing

action after ordering arbitration because state statutory law states the court "*shall* on just terms *stay* any judicial proceeding that involves a claim subject to the arbitration" and required the court to stay judicial proceedings when granting a motion to compel arbitration); *Widener*, 674 S.E.2d at 174 (holding the trial court erred in dismissing the action and explaining there was the potential that the statute of limitations could bar refiling of any unarbitrated claims in court if the dismissal was not reversed); *Gulf Explr.*, 289 S.W.3d at 841 (holding a stay is generally the only appropriate order for a state court with jurisdiction of all of the issues and the Texas arbitration act states an order compelling arbitration must stay the underlying litigation). If the court determines on remand that a contract exists and that arbitration is appropriate, the court must consider whether it should dismiss or stay proceedings pending the arbitration and explain its decision.

IV

[¶34] Diamond Resorts argues we should remand for further proceedings on its motion to dismiss under the timeshare agreement's forum selection clause if we conclude some or all of Melaas' claims are not subject to arbitration.

[¶35] Diamond Resorts moved to compel arbitration and dismiss under the FAA. Diamond Resorts argued in its brief in support of its motion to compel arbitration that the district court should dismiss the case because Melaas agreed to arbitrate any claim in Nevada and so the arbitration should be instituted in Nevada and the case here should be dismissed. Diamond Resorts did not move to dismiss under N.D.R.Civ.P. 12(b)(3) for improper venue. However, in a footnote in its brief in support of its motion to compel arbitration, Diamond Resorts said "Dismissal for improper venue is also appropriate pursuant to North Dakota law . . . N.D.[C.C.] § 28-04.1-02." Melaas addressed the contract's forum selection clause in her response to the motion to compel, arguing the forum selection clause is unenforceable because it was obtained through duress or unconscionable means. Diamond Resorts filed a reply brief in support of its motion, stating, "The Court should dismiss this action so Melaas may bring her claims before an arbitration forum in Clark County, Nevada, pursuant to the Timeshare Contract; or alternatively, order a stay in

17

proceedings pursuant to 9 U.S.C. § 3." The record does not include a separate motion to dismiss under N.D.R.Civ.P. 12(b)(3) for improper venue. The district court did not address any argument about improper venue.

[¶36] The entire arbitration agreement is contained in section 16 of the timeshare agreement. The arbitration agreement states the FAA "shall govern the interpretation and enforcement of this Provision." The only mention of Nevada in the arbitration agreement is that "[a]ny in-person hearing will be held in Clark County, Nevada unless otherwise agreed." Subsection 16.4 of the arbitration agreement further states, "An arbitration award may be enforced in any court with jurisdiction." There is also a forum selection clause in section 17 of the contract, which is not part of the arbitration agreement. The forum selection clause states, "This Agreement is governed by Nevada law without regard to Nevada's choice of law rules. You must bring any legal action in Clark County, Nevada." When the term "Agreement" is used in the contract it refers to the entire contract and not the arbitration agreement.

[¶37] Under N.D.C.C. § 28-04.1-03, "If the parties have agreed in writing that an action on a controversy may be brought only in another state and it is brought in a court of this state, the court will dismiss or stay the action, as appropriate, unless" one of the listed exceptions applies. The listed exceptions include if "[t]he agreement as to the place of the action was obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means" or if "[i]t would for some other reason be unfair or unreasonable to enforce the agreement." *Id.*

[¶38] A motion to dismiss based on a forum selection clause is a separate issue from arbitration. The application of a forum selection clause is separate grounds for dismissal that should be argued in a motion to dismiss under N.D.R.Civ.P. 12(b)(3) for improper venue. *See Osborne v. Brown & Saenger, Inc.*, 2017 ND 288, 904 N.W.2d 34. To the extent Diamond Resorts argues the action should have been brought in Nevada, it is a venue issue and not a jurisdictional issue, and the right can be waived. *See* Arthur R. Miller, 14D *Fed. Prac. & Proc. Juris.* § 3801 (4th ed. 2020) (discussing the difference between venue and jurisdiction); *see also Wachovia Bank v. Schmidt*, 546 U.S.

18

303, 316 (2006) (explaining venue is largely a matter of litigational convenience and is waived if not timely raised).

[¶39] A party's right to rely on a forum selection clause and right to object to venue can be waived. *See Triple Quest, Inc. v. Cleveland Gear Co., Inc.*, 2001 ND 101, ¶¶ 22-25, 627 N.W.2d 379 (holding a party may waive its right to rely on a forum selection clause). The issue of improper venue is waived if it is omitted from a motion to dismiss or if it is not made by motion or included in the responsive pleading. *See* 1A Fed. Proc., L. Ed. § 1:707 (2020); 1 Bus. & Com. Litig. Fed. Cts. § 3:40 (4th ed. 2019); 3 Cyc. of Fed. Proc. § 4:16 (3d ed. 2020) (stating, "A defendant waives venue by submitting to the litigation without raising the issue of venue by motion, responsive pleading, or answer as provided under the applicable rule of civil procedure. In short, venue is waived if not challenged at the time the party makes its first defensive move.").

[¶40] On remand, if any of the parties argue the case must be dismissed under the forum selection clause, the district court must first determine whether a contract exists. *See* N.D.C.C. § 28-04.1-03. If the court determines a contract exists, it may then consider the forum selection clause issue, including whether the issue was waived.

V

[¶41] We reverse the order compelling arbitration and dismissing Melaas' complaint, and we remand for further proceedings consistent with this opinion.

[¶42] Jon J. Jensen, C.J.
Gerald W. VandeWalle, concur in result.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte