On this basis I agree that the state contempt order must be set aside.

ABDULLA, PLAINTIFF-APPELLANT, *v.* MATASY, EXR., DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Mahoning County.

No. 4130.   Decided April 25, 1961.

*Mr. Paul E. Stevens,* for plaintiff-appellant.
*Mr. Thomas M. Moore,* for defendants-appellees.

DONAHUE, J. This action was brought for specific performance of an agreement for the sale of real estate by plaintiff against the executor of the estate of one Pearl Danish.

There seems no question that the decedent signed the agreement. No question has been seriously raised as to her signature on a receipt for $7,000.00 which plaintiff claims he paid to deceased.

No proof has been offered that anyone witnessed the actual payment of the money. Plaintiff and deceased went to a competent and reputable lawyer to draw the agreement and receipt. There is substantial evidence that deceased had difficulty with the English language, despite her residence in this country of many years. She was seventy-five years old. There is also evidence of mental disorder. Whether or not the attorney knew this latter fact, is not in evidence. However, he went to great lengths, according to his own testimony, to try to get the point across that in signing the receipt, she was acknow-

ledging that she had received the $7,000.00. It appears that after extensive efforts, he was convinced that she had received it and did know that she was saying so, when she signed the receipt. The attorney's repeated attempts to make sure that she understood are, in themselves strong evidence of his doubts as to her understanding of the transaction.

We note at this point that this receipt is not part of the contract to sell, but is, rather, an acknowledgment that the buyer had performed his part of the agreement.

Specific performance is not a remedy which may be sought on all contracts. Ordinarily a contract may be breached by one party and the other party is then limited by an action for damages for that breach.

However, certain types of contract may be specifically enforced by the courts. Among these would be contracts for the sale of unique items; usually those for the sale of real estate; and frequently those where the party seeking enforcement has fully and substantially performed his part.

We have here, both of the latter two situations.

As defense to an action for the performance of a contract for the sale of real estate, the question of competency may be used. If the seller is shown to be incompetent at the time of signing, then the contract is void from the start and even the payment of the purchase price would not validate it and the purchaser would be thrown back on his remedy to recover the money paid.

As noted above, a receipt for the purchase price is not part of the contract, but only an acknowledgment that performance had been had.

The burden of proving the affirmative defense of incompetency lies with the party so asserting it.

But the burden of proving performance by the buyer stays with the plaintiff. He meets this with a signed receipt. This is enough to carry his burden, prima facie. It is then incumbent upon the defendant to meet that evidence by questioning the actual payment and the accuracy of the receipt. Defendant does not have to prove his defense in this situation by the greater weight of the evidence—he must merely counterbalance the weight of the evidence offered.

In this case the evidence offered was the receipt plus the attorney's testimony that decedent had admitted that she had received the money. Defendants introduced testimony questioning decedent's competency, from a literate and mental standpoint, to understand the transaction. There was testimony that no trace of this money could be found among the effects of decedent. Decedent had a paralyzing stroke two days after the signing of the agreement and receipt, which rendered her completely incompetent to do anything during that time. She died a month later. Testimony also was introduced tending to show that plaintiff did not have and could not have gotten his hands on $7,000.00 in cash by any means with which to pay decedent. His income from the date of his arrival in America, his bank accounts, and a purported loan from an uncle, added together do not indicate how he could possibly have had $7,000.00 to pay to decedent.

Under these circumstances we hold that plaintiff failed to show by the greater weight of the evidence that he had actually paid the $7,000.00 or any substantial part thereof. He has made no tender of that payment and is, therefore, not entitled to specific performance. It is our further finding under the evidence presented, that the deceased was clearly not competent to understand the nature of the contract which she admittedly signed.

It is the further finding of this court that plaintiff has been collecting rents on the property in question and that defendant, Victoria Kolesar, is entitled to an accounting of these rents.

Judgment is therefore entered for defendant on plaintiff's petition for specific performance and for defendant on the cross-petition for accounting. Cause is remanded to the Court of Common Pleas of Mahoning County for further proceedings according to law.

BROWN, P. J., and GRIFFITH, J., concur.