OPINION
{¶ 1} Appellant Rolland Industries, L.L.C. appeals a decision of the Common Pleas Court of Holmes County sustaining Appellee's Motion to stay proceedings and refer the dispute to arbitration. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR {¶ 2} "I. The trial court erred by compelling arbitration of plaintiff-appellant's claim challenging the validity of the contract containing the arbitration provision, contrary to the dictates of Ohio Revised Code section 2711.03(b).
 {¶ 3} "II. The trial court erred by failing to grant plaintiff-appellant's motion for summary judgment or, in the alternative, by refusing to submit the issue of the validity of the contract at issue to a trial by jury, pursuant to ohio revised code section 2711.03(b)."
 {¶ 4} Appellant is a limited liability company engaged in manufacturing bedroom furniture and Appellee, Murphy Durieu (M D) is a New York limited partnership in the business of selling securities and financial products. Roland began business in 1999 and obtained necessary financial backing by way of investment and line of credit financing.
 {¶ 5} The CEO of Roland Industries was Roland Ciaramitaro . Rolland Industries also had an oversight committee. Ciaramitaro first invested certain personal sums with M D through Farah Hafeez, a representative of M D, and later invested Roland Industries' corporate funds pursuant to a written contract. This resulted in a loss of approximately $80,000.00 to the corporation.
 {¶ 6} Roland Industries initiated this action to rescind the investment contract and recover its losses, maintaining Ciaramitaro lacked authority to invest its funds and the agreement executed by him with M D was void ab initio.
 {¶ 7} The disputed agreement contained an arbitration clause. M D moved for a stay under R.C. 2711.02 and so the matter could be referred to arbitration. The trial court made extensive findings of fact and conclusions of law in sustaining the motion of M D.
{¶ 8} I, II.
 {¶ 9} We shall address both Assignments of Error together because each asserts a violation of R.C. 2711.03(B). In addition, the second assignment of error challenges the trial court's overruling of Appellant's motion for summary judgment.
 {¶ 10} A denial of a motion for summary judgment does not determine the action and prevent a judgment. Thus, such a denial is not a final order pursuant to R.C. 2505.02. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90.
 {¶ 11} R.C. 2711.01 provides in pertinent part:
 {¶ 12} "(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 13} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 14} (C) Except as provided in division (D) of this section, an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 15} R.C. 2711.03 provides in part, if the making of the arbitration agreement is in issue in a petition, the court shall proceed summarily to the trial of the issue. If no jury trial is demanded as provided in this division, the court shall hear and determine the issue. If the issue of the making of the arbitration agreement, either party may demand a jury trial on the issue of the existence of the contract. If a party makes a demand for a jury trial, the court shall refer the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing, the court should then refer the matter to arbitration as provided in the agreement.
 {¶ 16} There was a jury demand made in this action.
 {¶ 17} In the case of ABM Farms, Inc. v. Woods, 81 Ohio St. 3d 498,1998-Ohio-612, 692 N.E. 2d 574, the Ohio Supreme Court reviewed a case where an investor brought suit against a brokerage firm and broker, arguing the contract between them was fraudulently induced. The contract there, as here, contained an arbitration clause. The trial court declined to refer the matter to arbitration, but the Ohio Supreme Court reversed, finding proof of fraud in the inducement only of the agreement to arbitrate will defeat a motion to compel arbitration, but a general allegation the entire contract was fraudulently induced does not defeat a referral to arbitration.
 {¶ 18} In Giltner v. Mitchell (October 23, 2002), Summit Appellate No. 21039, 2002-Ohio-5771, the Court of Appeals for the Ninth District distinguished AMB Farms from the Giltner case and explained the statutory procedures. In ABM Farms, the plaintiff admitted signing the contract, but wished to rescind it. ABM Farms did not deal with a claim the contract was void ab initio. In Giltner, the plaintiff challenged the very existence of the contract, which would render the arbitration clause void, and thus the court held the matter should go first to the jury to determine whether there was a contract. Similar results were reached by the Tenth District in Devine Construction Company, Inc. v. Ohio-AmericanWater Company (1991), 75 Ohio St. 3d 311; by the Eighth District inSasaki v. McKinnon (1997), 124 Ohio App. 3d 613; and by the Second District in MM Precision System Corporation v. Interactive Group, Inc.
(March 10, 2000), Montgomery Appellate No. 18008.
 {¶ 19} We agree with the above reasoning. Here, there was a jury demand and the jury must determine the factual issues regarding the existence of the contract before the arbitration clause comes into play.
 {¶ 20} The first assignment of error is sustained in whole; the second assignment of error is overruled as to the issue of the summary judgment, but sustained as to submission of the issue of the validity of the contract to the jury.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, J., and Boggins, P.J. concur Hoffman, J., dissents