[Cite as *KeyBank, N.A. v. David*, 2024-Ohio-5333.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

KEYBANK, N.A.,

Plaintiff,

v.

SAMUEL J. DAVID, JR. et al.,

Defendant-Third Party
Plaintiff-Appellee,

v.

OHIO STATE HOME SERVICES, INC.

Third Party Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0028**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2023 CV 01542

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed in Part and Remanded.

*No brief filed for* KeyBank and

*Atty. Scott C. Essad*, for Defendant-Third Party Plaintiff-Appellee Samuel J. David, Jr. and

*Atty. Michael C. DeJohn*, for Third Party Defendant-Appellant Ohio State Home Services, Inc.

Dated:  November 1, 2024

---

**Robb, P.J.**

{¶1}    Appellant, Ohio State Home Services, Inc., appeals the judgment denying its combined motion to dismiss and motion to compel arbitration.  Appellant argues the trial court erred by failing to enforce the parties' arbitration agreement.  For the following reasons, we reverse in part and remand for further proceedings.

Statement of the Case

{¶2}    Plaintiff, KeyBank N.A., filed its complaint for foreclosure against Samuel J. David, Jr., his unknown spouse, and the Mahoning County Treasurer, in August of 2023. KeyBank's complaint alleges it is the holder of a note in the amount of $40,613.38 plus 9.05% interest per year.  KeyBank further alleges that David failed to pay the monthly payments and was in default.  KeyBank claims that as a result of David's default, it has the right to foreclose upon his real property, which was used to secure the loan.  (August 4, 2023 Complaint.)

{¶3}    Appellee, Samuel J. David, Jr., filed his answer to the complaint in October of 2023 after securing leave to plead.  Among other defenses, Appellee alleges in his answer the note and mortgage are invalid due to his lack of capacity to enter a contract. (October 9, 2023 Answer.)

{¶4}    In December of 2023, Appellee filed a counterclaim and third-party complaint.  For his counterclaim, Appellee alleges three claims for relief:  fraud, predatory lending, and declaratory judgment against the bank.  He claims the right to rescind the note and mortgage and alleges the agreements are void.  (December 16, 2023 Counterclaim & Third-Party Complaint.)

{¶5}    For his third-party complaint against Appellant, Appellee asserts that Appellant "strong armed" him into entering a contract for waterproofing work, which he

Case No. 24 MA 0028

did not need and could not afford. Appellee also claims Appellant directed him how to secure a bank loan to pay for its services. Appellee also avers he told Appellant he "wanted out of the agreement" within three days after signing the contract, but Appellant threatened to sue him. Appellee raises three counts against Appellant: fraud, violations of Ohio's Consumers Sales Practices Act, and declaratory judgment. Appellee seeks rescission of his agreement with Appellant under the CSPA and claims it is void due to Appellee's lack of contractual capacity.

{¶6} For his declaratory judgment claim, Appellee asked the trial court to declare the parties' contract void since he lacked capacity to enter a contract. His declaratory judgment claim also asked the trial court to determine "the parties' respective rights, status, and other legal relations under the contract, if any." He asked the court to declare the contract void; determine whether he had the capacity to enter an agreement; and decide whether it should be rescinded due to fraud and undue influence. Appellee sought compensatory and punitive damages and attorney's fees. Appellee attached a copy of his agreement with Appellant as Exhibit One. Appellee's counterclaim and third-party complaint includes a jury demand. (December 16, 2023 Counterclaim & Third-Party Complaint.)

{¶7} Paragraph 14 of the contract's terms and conditions states: "Any controversy or claim whether in this Agreement or in tort arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration before the American Arbitration Association, (A.A.A.) in accordance with the construction industry rules of the A.A.A. and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof." (December 16, 2023 Counterclaim & Third-Party Complaint, Ex. 1.)

{¶8} Third-Party Defendant Appellant moved to dismiss under Civ.R. 12(B)(1) contending the trial court lacked subject matter jurisdiction. The motion is captioned as a motion to dismiss, but it also seeks to compel arbitration pursuant to the parties' written agreement. Appellant contends arbitration was required pursuant to the parties' contract. The motion does not request a hearing. (December 27, 2023 Motion.)

{¶9} Appellee opposed the motion to dismiss and listed five reasons it should be overruled. First, he claimed judicial economy necessitated denying arbitration because

Case No. 24 MA 0028

the case was instituted by KeyBank, a nonparty to the contract. And because the parties' allegations and arguments overlap, Appellee urged the court to find that the claims should be heard by the same tribunal. Second, Appellee asserted the service contract was fraudulently induced, and as such, the claims should not be arbitrated. Third, because Appellee sought declaratory judgment in part, he alleged this claim was not capable of being decided via arbitration. Fourth, Appellee claimed the motion to dismiss lacked a procedural basis and should have been a motion to stay the proceedings, not a motion to dismiss. Finally, Appellee asserted the motion should be denied because the underlying agreement and arbitration clause are unenforceable due to Appellee's lack of capacity to contract and additionally, he claimed the arbitration clause was unconscionable. And because Appellant's motion was styled as a motion to dismiss, he claims the trial court was required to accept all of the allegations in the third-party complaint as true when considering the merits of the motion. (December 29, 2023 Response.)

{¶10} The trial court denied Appellant's motion to dismiss. The court held it did not lack jurisdiction due to the arbitration clause in the parties' agreement. Instead, the court emphasized that R.C. 2711.01(A) provides for an exception when "grounds exist at law or in equity for the revocation of any contract." The trial court likewise overruled Appellant's request for arbitration. It concluded, without analysis, that Appellee's claims for declaratory judgment and fraud precluded arbitration. (January 30, 2024 Judgment.)

Enforceability of Arbitration Clause

{¶11} Appellant's first assignment of error asserts:

"The trial court erred in failing to enforce the arbitration agreement between Appellee and Appellant."

{¶12} Appellant does not challenge the trial court's decision concluding it had jurisdiction to consider the parties' arguments, and as such, we do not analyze this aspect of its decision. However, we note that contrary to Appellee's argument, a motion to dismiss under Civ.R. 12(B)(1) for lack of jurisdiction does not require the court to accept all of the allegations in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff. This is the standard that applies when ruling on a Civ.R. 12(B)(6) motion. *See Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶13} Civ.R. 12(B)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. The question when ruling on "a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). The Civ.R. 12(B)(6) standard does not govern Civ.R. 12(B)(1) motions.

{¶14} Appellant's first argument contends the trial court erred in failing to enforce the arbitration provision. Appellant asserts that although Appellee claims he was fraudulently induced to enter the waterproofing contract, he does *not* contend he was fraudulently induced to enter the arbitration provision and thus, arbitration is required. Appellant also contends the court's conclusion that declaratory judgment and fraud prevent a case from being arbitrated is incorrect. Thus, Appellant claims the arbitration provision should be enforced and the underlying foreclosure proceedings between KeyBank and Appellee should be stayed pending arbitration.

{¶15} Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is an abuse of discretion. *Villas Di Tuscany Condominium Assn., Inc. v. Villas Di Tuscany,* 2014-Ohio-776, ¶ 9 (7th Dist.). An abuse of discretion connotes more than an error of law or judgment; it implies the court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, a trial court's grant or denial of a stay based solely upon questions of law is reviewed under a de novo standard. *Villas Di Tuscany, supra.*

{¶16} Ohio law favors arbitrations and "directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application of one of the parties, in accordance with R.C. 2711.02(B)." *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 28.

{¶17} Ohio's Arbitration Act is codified in Revised Code Chapter 2711. R.C. 2711.01(A) states:

> A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, . . . shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

**{¶18}** "Arbitration is favored because it provides the parties thereto a relatively expeditious and economical means of resolving a dispute." *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992). Moreover, arbitration helps to relieve crowded dockets. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986). A presumption favoring arbitration arises when the claim falls within the scope of the arbitration provision. *New Hope Community Church v. Patriot Energy Partners, L.L.C.*, 2013-Ohio-5882, ¶ 14-15 (7th Dist.).

**{¶19}** The Ohio Supreme Court has held:

[T]o defeat a motion under R.C. 2711.02 for a stay of litigation in favor of arbitration, 'a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced.' . . .

Similarly, when a party challenges an arbitration provision as unconscionable pursuant to R.C. 2711.01(A), the party must show that the arbitration clause itself is unconscionable. If the court determines that the arbitration clause is enforceable, claims of unconscionability that relate to the contract generally, rather than the arbitration clause specifically, are properly left to the arbitrator in the first instance.

*Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 40-41 (discussing its decision in *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500 (1998)).

**{¶20}** As stated, Appellee's counterclaim contends he was fraudulently induced and "strong armed" into entering the waterproofing contract, among other things. He does not contend he was improperly influenced into executing the arbitration clause itself.

**{¶21}** Thus, we agree Appellee's claim for fraud generally does not preclude the enforcement of the arbitration clause based on the fraud allegations here. *ABM Farms, Inc. v. Woods*, *supra*, at 502; *accord Villas Di Tuscany Condominium Assn., Inc. v. Villas Di Tuscany*, 2014-Ohio-776, ¶ 18-19 (7th Dist.) (finding fraud claims are arbitrable).

**{¶22}** Additionally, Appellant contends the trial court's decision finding Appellee's claim for declaratory judgment precludes arbitration is also erroneous. We agree in part.

**{¶23}** In *Alexander v. Wells Fargo Financial Ohio 1, Inc.,* 122 Ohio St.3d 341, 345 (2008), the Ohio Supreme Court employed the federal standard for determining whether

a cause of action is within the scope of an arbitration agreement. When employing this standard, the applicable question to ask is whether the litigation or claim can be maintained without referring to the contract at issue, and if it can, then the issue or claim is likely outside the scope of the arbitration agreement. *Id.* citing *Fazio v. Lehman Bros., Inc.,* 340 F.3d 386 (C.A.6, 2003).

**{¶24}** Here, Appellee's declaratory judgment claim in his third-party complaint asks the court to determine the parties' rights and obligations under the contract, among other things. There can be no doubt that this aspect of his third-party complaint requires reference to and interpretation of the parties' agreement, and thus, is subject to the arbitration agreement. We agree the trial court's broad conclusion that a claim for declaratory judgment precludes arbitration is erroneous.

**{¶25}** However, Appellee's declaratory judgment claim also asks the court to find his contract with Appellant is void because Appellee lacked capacity to contract. And because he claims to have lacked the capacity to contract, Appellee asserts there is no contract to enforce.

**{¶26}** "Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.* 436 F.Supp. 409, 414 (N.D.Ohio 1976).

> When a party lacks contractual capacity, there can be no contract regardless of the terms as capacity pertains to formation. *. . .* Resultantly, lack of capacity dispenses with any need to determine unconscionability. Substantive unconscionability, on the other hand, involves the fairness of the contractual terms.

*Pearson v. ManorCare Health Servs.*, 2015-Ohio-5460, ¶ 77 (11th Dist.). A lack of capacity defense is separate and distinct from unconscionability; yet the two are sometimes conflated. *Id.*

> The test for mental capacity to enter a contract is whether the person understood the nature of the transaction and the effects of her or his own actions and is similar to the test used to determine testamentary capacity.

*Giurbino v. Giurbino*, 89 Ohio App.3d 646, 658, 626 N.E.2d 1017 (8th Dist.1993).

*Webb v. Anderson Children Tr.*, 2020-Ohio-4975, ¶ 34 (1st Dist.).

> To prove a contract or beneficiary designation is voidable on the ground that a party lacked the mental capacity to enter into it, the complaining party must establish the lack of mental capacity by clear and convincing evidence. [*In re Estate of Flowers*, 2017-Ohio-1310, ¶ 84 (6th Dist.)]; *Giurbino* at 658, 626 N.E.2d 1017. Evidence that a person had dementia is insufficient by itself to establish the person's lack of testamentary capacity; there must be evidence that dementia actually affected the person's capacity to make the testamentary disposition. *Flowers* at ¶ 86; *Stewart v. Boland*, 2015-Ohio-1712, 33 N.E.3d 551, ¶ 15 (1st Dist.).

*Webb v. Anderson Children Tr.*, *supra*, at ¶ 36.

> If the seller is shown to be incompetent at the time of signing, then the contract is void from the start and even the payment of the purchase price would not validate it and the purchaser would be thrown back on his remedy to recover the money paid.

*Abdulla v. Matasy*, 185 N.E.2d 313, 315 (7th Dist.1961).

{¶27} Neither side directs us to law governing the arbitrability of a claim challenging the existence of a contract based on one party's lack of capacity to contract. Notwithstanding, the federal district courts which have addressed this issue are split as to whether the arbitrator or court should determine one's contractual capacity as affecting the existence of a contract. *Compare Spahr v. Secco*, 330 F.3d 1266, 1273 (10th Cir. 2003) (court, not arbitrator, decides challenge based on mental capacity) and *Rowan v. Brookdale Senior Living Cmtys., Inc.*, 647 F. App'x 607, 609-10 (6th Cir. 2016) (applying Michigan law and reviewing contractual capacity as a threshold issue for the court to decide) with *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 472 (5th Cir. 2002) (mental-capacity issue should be decided by arbitrator, not the court).

{¶28} Moreover, the Supreme Court of North Dakota has held that one's alleged lack of contractual capacity is a threshold issue for the court to decide before ordering

arbitration. *Melaas v. Diamond Resorts U.S. Collection Dev.*, LLC, 2021 ND 1, 953 N.W.2d 623, ¶ 28, (2021). *Melaas* explained in part: "If the contract containing the arbitration agreement was never formed and therefore does not exist, then the parties never agreed to arbitrate." *Id.*

**{¶29}** In *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 442 (2006), the United States Supreme Court granted certiorari to determine "whether a court or an arbitrator should consider the claim that a contract containing an arbitration provision is void for illegality." Upon applying the Federal Arbitration Act, *Buckeye* concluded that the issue of whether the contract as a whole was illegal due to the inclusion of an allegedly illegal usurious finance charge should be considered by the arbitrator, not the court. *Id.* at 445-446. In a footnote, the Supreme Court in *Buckeye* noted:

> The issue of the contract's validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded. Our opinion today addresses only the former, and does not speak to the issue decided in the cases cited by respondents (and by the Florida Supreme Court), which hold that it is for courts to decide whether the alleged obligor ever signed the contract, *Chastain v. Robinson–Humphrey Co.,* 957 F.2d 851 (C.A.11 1992), whether the signor lacked authority to commit the alleged principal, *Sandvik AB v. Advent Int'l Corp.,* 220 F.3d 99 (C.A.3 2000); *Sphere Drake Ins. Ltd. v. All American Ins. Co.,* 256 F.3d 587 (C.A.7 2001), and whether the signor lacked the mental capacity to assent, *Spahr v. Secco,* 330 F.3d 1266 (C.A.10 2003).

*Id.* at 444, fn. 1. *See also In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182, 187-89 (Tex. 2009) (finding a challenge to whether an agreement exists based on a mental capacity challenge is an issue for the court); *Rhymer v. 21st Mortg. Corp.*, 2006 WL 3731937, 3-4 (Tenn. Ct. App. 2006) (holding one's capacity to enter a contract is for the court to decide).

**{¶30}** The footnote in *Buckeye* suggests that a claim challenging the formation of a written agreement on the basis that one party lacked contractual capacity should be treated differently than a challenge to a contract's validity. *Id.*

**{¶31}** In light of Appellee's allegation challenging the existence of the contract based on his lack of contractual capacity, we conclude it is a threshold issue to be addressed by the court.

**{¶32}** Based on the foregoing, we conclude the trial court's broad holding that the claims of fraud and declaratory judgment generally preclude arbitration are in error. However, we conclude the trial court did not err by failing to order arbitration at this juncture since Appellee challenges the existence of an agreement between the parties via his competency argument.

**{¶33}** Accordingly, we remand for the trial court to assess this threshold issue. To the extent the trial court conclusively denied the request for arbitration, we find error. If the trial court finds on remand there was a contract between Appellant and Appellee, Appellant should be permitted to renew its motion to enforce the arbitration provision.

<u>Failure to Hold a Hearing</u>

**{¶34}** Appellant's second assignment of error claims the trial court erred by failing to hold a hearing before ruling on its motion pursuant to R.C. 2711.03(B). Appellant relies on *Estate of Battle-King v. Heartland of Twinsburg*, 2021-Ohio-2267, ¶ 13 (8th Dist.), for the proposition that a court is required to hold a hearing when considering a motion to compel arbitration under R.C. 2711.03(A). Appellant contends the failure to hold a hearing constitutes reversible error. We disagree.

**{¶35}** "Normally, '[t]he party aggrieved by the alleged failure of another to perform under a written agreement for arbitration' files a petition or complaint in a court of common pleas to force another party to enter arbitration." *Trinity Health Sys. v. MDX Corp.*, 2009-Ohio-417, ¶ 31 (7th Dist.). R.C. 2711.03(B) provides the court shall hold a trial to the court "if the making of the arbitration agreement or failure to perform it is in issue" unless a jury is demanded. *Id.*

**{¶36}** As stated, the instant case was instituted by a nonparty to the agreement, KeyBank. Appellee filed a third-party complaint against Appellant, and Appellant sought to enforce the arbitration clause via a motion to dismiss. Appellant filed a motion to dismiss under Civ.R. 12(B)(1) claiming the trial court lacked subject matter jurisdiction. The body of its motion to dismiss also urged the court to compel arbitration pursuant to

<u>Case No. 24 MA 0028</u>

the parties' contract and Ohio's Arbitration Act.  Appellant did not request a hearing and did not ask for a stay of the underlying proceedings.

**{¶37}** In ruling on Appellant's motion, the court addressed the jurisdictional argument and found that Chapter 2711 governing arbitration does not divest trial courts of jurisdiction.  Instead, it provides for an alternative forum.  The trial court likewise found that because Appellee challenged the validity of the parties' contract via its declaratory judgment and fraud claims, Appellant's motion to stay the proceedings and compel arbitration was denied.  (Jan. 30, 2024 Judgment.)

**{¶38}** Although Appellant did not ask for a stay of the proceedings, it appears the trial court may have addressed this aspect of Appellant's motion under R.C. 2711.02(B), not R.C. 2711.03.  Had the trial court ordered the matter to be arbitrated, a stay would have been necessary in light of KeyBank's pending claims against Appellee and Appellee's counterclaim against it.

**{¶39}** R.C. 2711.02(B) provides:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶40}** "While it is within a trial court's discretion to hold a hearing when considering whether a R.C. 2711.02 stay is warranted, that statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into the statute." *Maestle v. Best Buy Co.*, 2003-Ohio-6465, ¶ 19; *accord RM Riggle Enterprises, Inc. v. Commerce Park Place Holdings, L.L.C.*, 2021-Ohio-4215, ¶ 47 (8th Dist.) ("R.C. 2711.02 does not obligate the court to conduct an evidentiary hearing.").

**{¶41}** Moreover, Appellant filed a motion to dismiss, which does not require a hearing, and as stated, Appellant did not request a hearing.  Accordingly, we conclude the trial court did not err by failing to hold a hearing based on this record.  *See Chrysler Fin. Servs. v. Henderson*, 2011-Ohio-6813, ¶ 19 (4th Dist.) (holding that R.C. 2711.03

allows a court to hear the issue via a non-oral hearing); *Mattox v. Dillard's, Inc.*, 2008-Ohio-6488, ¶ 15 (8th Dist.) (finding a hearing is not required absent a request); and *Church v. Fleishour Homes, Inc.*, 2007-Ohio-1806, ¶ 29 (5th Dist.) ("an oral hearing is not mandatory absent a request"). *But see Krakora v. Superior Energy Sys.,* 2009-Ohio-401, ¶ 5 (9th Dist.) ("When a motion is filed under R.C. 2711.03, alone or in combination with a motion to stay the proceedings, the trial court must conduct a hearing."). This assigned error is overruled.

{¶42} Notwithstanding, because Appellee challenges the existence of the parties' contract, we note the trial court should proceed under R.C. 2711.03(B) on remand. "Where the existence of the contract containing the arbitration clause is at issue, a question of fact arises which is subject to trial." *Ison v. State Farm Mut. Auto. Ins. Co.*, 2002-Ohio-3762, ¶ 35 (8th Dist.), citing *Colegrove v. Handler,* 34 Ohio App.3d 142, 144-145 (10th Dist.1986); *accord Schroeder v. Shearson, Lehman & Hutton, Inc.,* 1991 WL 64318 (8th Dist. April 25, 1991) (where one party claimed he never executed the agreement containing an arbitration provision); *Roland Industries, LLC v. Murphy & Durieu LP*, 2005-Ohio-2305, ¶ 18-19 (5th Dist.) (applying R.C. 2711.03(B) to a party's alleged lack of authority to enter agreement). Under R.C. 2711.03, either party has the right to a jury trial if the existence of an arbitration agreement is an issue. *Church v. Fleishour Homes, Inc.,* 2007-Ohio-1806, ¶ 24 (5th Dist.).

## Conclusion

{¶43} To the extent the trial court concluded claims of fraud and declaratory judgment generally preclude arbitration, we find error. However, its decision not to order arbitration is not error at this juncture. We remand for the trial court to assess the threshold issue of the existence of the underlying agreement. If the trial court finds there was a contract between Appellant and Appellee, Appellant should be permitted to renew its motion to compel arbitration. The trial court's decision is reversed in part and remanded for further proceedings.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 24 MA 0028

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that to the extent the trial court concluded claims of fraud and declaratory judgment generally preclude arbitration, we find error. The judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed in part. We hereby remand for the trial court to assess the threshold issue of the existence of the underlying agreement according to law and consistent with this Court's Opinion. If the trial court finds there was a contract between Appellant and Appellee, Appellant should be permitted to renew its motion to compel arbitration. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**