[Cite as *SAI Hospitality, Inc. v. RCVV, Inc.*, 2025-Ohio-4596.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

SAI HOSPITALITY, INC.,

Plaintiff-Appellee,

v.

RCVV, INC.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 JE 0003

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 23 CV 189

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed as Modified.

---

*Atty. Jacob M. Lowenstein*, Billmaier & Cuneo, LLC, for Plaintiff-Appellee and

*Atty. Steven A. Stickles*, for Defendant-Appellant.

Dated: October 2, 2025

**HANNI, J.**

{¶1} Defendant-Appellant RCVV, Inc. (RCVV) appeals the trial court's granting of summary judgment in favor of Plaintiff-Appellee SAI Hospitality, Inc. (SAI) on SAI's breach of contract claim. RCVV contends SAI did not meet its initial burden on summary judgment and even if it did, RCVV met its reciprocal burden and created a genuine issue for trial. RCVV asserts that the contract's absence of a deadline rendered any delay reasonable and SAI's failure to provide schematics and permits to RCVV caused the delays in site completion. RCVV also submits that the trial court "obviously" failed to consider the evidence in a light most favorable to it because summary judgment was granted in favor of SAI.

{¶2} We affirm the granting of summary judgment in favor of SAI on its breach of contract claim. SAI met its initial summary judgment burden by identifying facts and presenting evidence that RCVV breached the contract by failing to complete the site preparation and close on the property within a reasonable time. RCVV did not meet its reciprocal burden on summary judgment because it failed to present factual or evidentiary support that the absence of a time deadline in the contract meant that SAI agreed to any and all time delays. RCVV further failed to present support for its assertion that SAI was required to provide schematics and permits and this caused RCVV's delay in completing the site work. The trial court properly reviewed SAI's motion for summary judgment and determined that RCVV breached the contract.

## RELEVANT FACTS

{¶3} On May 19, 2023, SAI filed a complaint for breach of contract in the Jefferson County Common Pleas Court. SAI stated in the complaint that its primary business is to own and operate hotels. SAI related it entered into a purchase agreement with RCVV on September 10, 2015, to buy property and Guida Realty, LLC operated as RCVV's broker. Guida Realty, LLC (Guida) was also listed as a defendant.

{¶4} SAI alleged it deposited $65,000 toward the purchase price of the property and Guida held the deposit. SAI asserted that under paragraph 5 of the purchase agreement, RCVV was to perform specific site work on the property before closing on the

sale of the property. SAI identified the site work as placing and grading of fill that was suitable for SAI's plans to build a hotel, constructing a retaining wall, and bringing utility lines within five feet of the property.

**{¶5}** SAI averred that at RCVV's request to facilitate the site work, SAI paid RCVV two additional installments totaling $100,000 toward the purchase price. SAI made these payments directly to RCVV.

**{¶6}** SAI alleged that as of the date of the complaint, nearly nine years after execution of the purchase agreement, RCVV had not completed the site work and closing on the property had not occurred. SAI averred that RCVV offered no explanation for its failure to perform and an unreasonable amount of time had passed. SAI complained that RCVV breached the contract, refused to return the $65,000 or the $100,000, and demanded the $65,000 as payment.

**{¶7}** SAI alleged it was entitled to specific performance by RCVV and/or damages in excess of $25,000. SAI averred it incurred additional expenses in anticipation of building and operating a hotel on the property, including obtaining permits and franchise fees. SAI requested declaratory judgment against Guida for its $65,000 deposit. Guida transferred the $65,000 to the clerk of courts and was subsequently dismissed from the case.

**{¶8}** On July 3, 2024, SAI filed a motion for summary judgment asserting a contract existed between the parties and it was beyond dispute that RCVV breached the contract. SAI cited paragraph 7 of the purchase agreement stating that closing was to occur no later than 30 days after completion of the terms of paragraph 5. SAI cited paragraph 5 providing that RCVV was to perform site work and provide fill dirt to render the site suitable for a four-story hotel. SAI asserted it performed by providing the down payment and installments to RCVV and RCVV unreasonably delayed performing its contract obligations.

**{¶9}** SAI asserted that while the purchase agreement contained no deadline for completion of the site work, an unreasonable number of years passed and RCVV never provided a reason for failing to complete the site work. SAI cited cases holding that the time delay was unreasonable and constituted a material breach of the purchase

agreement.  SAI requested judgment for the $65,000, its payments to RCVV totaling $100,000, and $110,151.46 for costs it incurred in anticipation of closing.

**{¶10}** SAI attached the purchase agreement, an affidavit of its president, Ramesh Patel, and the checks totaling $100,000 provided to RCVV by SAI.  It also attached a spreadsheet outlining its additional costs.

**{¶11}** RCVV filed a memorandum in opposition to the motion. RCVV acknowledged the purchase agreement and SAI's deposit and direct payments. However, RCVV asserted it completed the initial site work, but SAI failed to provide schematics and permits for it to undertake final completion of the worksite.  RCVV stated that the purchase agreement lacked a deadline for completion of the work and it spent beyond the monies paid to prepare the site.  RCVV stated it had constructed a retaining wall, and performed excavating and compacting of the soil to construct the multiple-story hotel.  It asserted it also hauled and laid slag, installed geo fabric, and performed other preparation activities on the site.  RCVV argued that SAI's failure to complete the necessary prerequisites caused its inability to complete the site preparation and to close on the sale.

**{¶12}** SAI filed a reply brief, noting that RCVV had not attached any evidence supporting its memorandum in opposition.  SAI attached a supplemental affidavit from Mr. Patel, who attested that no RCVV representative ever contacted him about needing additional information, documentation, or permits for completion of the site work.  Mr. Patel further attested that SAI provided initial plans to RCVV for the site, which were prepared prior to entering into the purchase agreement with RCVV.

**{¶13}** The trial court held a hearing on the summary judgment on October 28, 2024.  Counsel for RCVV related communication difficulties with his client due to a family death.  (Hg. Tr., 5).  RCVV's counsel asserted that had SAI provided the schematics and permits, the project would have been completed.  (Hg. Tr., 7).

**{¶14}** The court noted that the purchase agreement lacked any provision requiring SAI to provide schematics or permits.  (Hg. Tr., 7).  RCVV's counsel reiterated it was impossible to complete the site work as it was up to SAI to provide schematics and permits. (Hg. Tr., 7-8).  Counsel also stated that Civ.R. 56 did not require the attachment of affidavits to RCVV's opposition to the motion for summary judgment.

{¶15} On January 15, 2025, the trial court issued an opinion granting summary judgment in favor of SAI. The court found that SAI supported its motion and reply with affidavits from Mr. Patel and other evidence, while RCVV provided no supporting evidence for its opposition to the motion for summary judgment.

{¶16} The trial court reviewed the purchase agreement and noted SAI's initial deposit of $65,000. The court cited paragraph 5 providing that RCVV was to perform site work at the property as a precondition to closing. The court cited to the specific site work outlined in paragraph 5 and SAI's two payments to RCVV totaling $100,000.

{¶17} The trial court found that SAI was ready, willing, and able to close on the property, but RCVV failed to complete the site work without explanation. The court further found that RCVV ignored SAI's requests to return the monies paid and its requests to close. The trial court also found that SAI expended additional funds in anticipation of closing on the property, which totaled $110,151.46, as indicated on the spreadsheet provided by Mr. Patel with his affidavit.

{¶18} The trial court ruled that SAI established the existence of a contract between the parties and RCVV breached the contract. The court held that paragraph 7 of the purchase agreement required closing to occur no later than 30 days after completion of the terms in paragraph 5, and paragraph 5 required RCVV to perform site work to make the site suitable for a four-story hotel. The court highlighted the nearly 9-year delay and found that SAI performed its part of the purchase agreement by delivering payments to RCVV. The court cited caselaw providing that when a contract fails to specify a time for performance, the law implies that performance occur within a reasonable time. The court held that RCVV unreasonably delayed performance and failed to close as required under the purchase agreement.

{¶19} The trial court granted SAI summary judgment in the amount of $275,151.46. This constituted the $65,000 down payment, the two installment payments totaling $100,000, and the $110,151.46 SAI spent in anticipation of construction and operation of the hotel.

{¶20} On February 13, 2025, RCVV filed a notice of appeal. It presents the following sole assignment of error:

**THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND ERRED WHEN IT GRANTED PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.**

**{¶21}** RCVV asserts that SAI failed to meet its initial burden on summary judgment because it relied on the same vague, conclusory, and unsupported allegations it presented in its complaint. RCVV further asserts that even if SAI met its initial burden, RCVV met its reciprocal burden on summary judgment by pointing to the facts that the purchase agreement lacked a deadline for site completion and SAI agreed to the lack of deadline in the agreement. RCVV indicated that it spent money to complete site work on the property and it had constructed a retaining wall, excavated, filled and compacted the property for construction of a multiple-story hotel, hauled and laid slag, and installed geo fabric behind the retaining wall. RCVV contends that SAI's failure to obtain schematics and permits caused the construction delay and closing on the property.

**{¶22}** We apply a de novo standard of review to summary judgment decisions. *EAP Ohio, LLC v. Sunnydale Farms, LLC*, 2024-Ohio-4522, ¶ 37 (7th Dist.), citing *Grafton v. Ohio Edison Co.,* 1996-Ohio-336. Thus, we review the judgment independently and without deference to the trial court's determination. Civ.R. 56(C) provides that a court may grant summary judgment when: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher,* 2015-Ohio-4167, ¶ 8 (9th Dist.); Civ.R. 56(C).

**{¶23}** The party moving for summary judgment carries the initial burden of demonstrating the absence of a genuine issue of material fact as to all of the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "[T]he moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Id*. at 293. [emphasis in original] The moving party is not required to support its motion with affidavits, but must inform the court of the basis for its motion and identify the portions of the materials listed in Civ.R. 56(C) which support its assertion of the absence of a genuine issue of material fact. *Id*., citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**{¶24}** If the moving party meets this burden, the nonmoving party has a reciprocal burden to set forth specific facts to show a genuine issue of material fact. *Id.*; Civ.R. 56(E). Similar to the moving party, Civ.R. 56 does not impose a requirement on the nonmoving party to submit affidavits or other evidence in support of its position. However, the nonmoving party cannot "merely restat[e] unsubstantiated allegations contained within the original pleadings. Instead, the nonmoving party must demonstrate the continued existence of a genuine issue of material fact by directing the court's attention to relevant, affirmative evidence of the type listed in Civ.R. 56(C)." *Traditions Tavern v. Columbus*, 2006-Ohio-6655, ¶ 11 (10th Dist.), citing *Dresher*, 75 Ohio St.3d at 293; Civ.R. 56(E).

**{¶25}** "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993).

**{¶26}** The essential elements of a contract are an offer, acceptance, contractual capacity, consideration, mutual assent, and legality of object and of consideration. *KeyBank, N.A. v. David*, 2024-Ohio-5333, ¶ 26 (7th Dist.), quoting *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16 (quoting *Perlmuter Printing Co. v. Strome, Inc.* 436 F.Supp. 409, 414 (N.D. Ohio 1976)). In order to prevail on a breach of contract claim, a plaintiff must establish by a preponderance of the evidence: (1) the existence of a contract; (2) performance under the contract by plaintiff; (3) breach of the contract by the defendant; and (4) damage or loss to the plaintiff. *Sylvester v. Turning Point Counseling Servs., Inc.*, 2021-Ohio-1284, ¶ 20 (7th Dist.), citing *Ballard v. Nationwide*, 2013-Ohio-2316, ¶ 14 (7th Dist.).

**{¶27}** SAI met its initial burden on summary judgment. SAI attached the purchase agreement to its motion. RCVV does not dispute the existence of the purchase agreement or the payments by SAI.

**{¶28}** Asserting that RCVV's breach of the purchase agreement was beyond dispute, SAI cited paragraphs 5 and 7 of the purchase agreement. Paragraph 7 specified that closing on the purchase was to occur no later than 30 days after the terms of paragraph 5 were completed. Paragraph 5 is entitled "Special Conditions Fill Site & Site Preparation" and specified the site work that RCVV was required to complete.

{¶29} SAI asserted that the purchase agreement was signed on September 10, 2015 and as of the date of the filing of its complaint nearly 9 years later, RCVV had not completed all of the site work outlined in paragraph 5, and closing as specified in paragraph 7 had not occurred. SAI cited caselaw providing that when a specific deadline is not fixed in a contract, the law presumes that it will be completed within a reasonable time. *Morton Bldgs., Inc. v. Correct Custom Drywall, Inc.*, 2007-Ohio-2788, ¶ 16 (10th Dist.). SAI asserted that RCVV had not completed the site work and RCVV provided no reason or explanation for its extreme delay and incompletion.

{¶30} SAI has established the existence of a contract between the parties and met its initial burden by identifying specific facts with support showing that RCVV failed to complete the site work required in paragraph 5 and provided no explanation for failing to complete the work. SAI attached the purchase agreement to its motion, as well as an affidavit from Mr. Patel, its proof of payments to RCVV, and a spreadsheet showing the additional expenses it incurred in anticipation of the construction and operation of the hotel. Since SAI met its initial burden on summary judgment, RCVV's first challenge to the trial court's ruling lacks merit.

{¶31} The burden thus shifted to RCVV to set forth specific facts showing that a genuine issue of material fact existed for trial. Civ. R. 56(E) provides in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶32} The nonmoving party cannot rely on "[m]ere speculation and unsupported conclusory assertions" to meet its reciprocal burden. *Loveday v. Essential Heating Cooling & Refrig., Inc.*, 2008-Ohio-4756, ¶ 9 (4th Dist.). While the nonmoving party is not required to try its case when responding to a summary judgment motion, it must produce more than a scintilla of evidence to support its case. *Kerns v. Hale*, 2024-Ohio-2061, ¶ 11 (4th Dist.), citing *Worthy v. Hawthorne*, 2021-Ohio-813, ¶ 18 (4th Dist.). The

nonmoving party cannot rely on isolated facts to support its claim. *Kerns* at ¶ 11 (4th Dist.) (citations omitted).

{¶33} RCVV acknowledged the purchase agreement in its opposition to the motion for summary judgment. RCVV also acknowledged SAI's $65,000 deposit and direct payments totaling $100,000. RCVV asserted it completed the initial site work, but:

> [T]he plaintiff failed to obtain the necessary schematics and permits for final completion of the sitework. The defendant completed all possible prerequisites for the closing on the subject property but the plaintiff failed to complete his obligations under the Agreement.

(Mem. Opp. Summ. Judgment). RCVV identified the worksite tasks it performed and asserts that SAI's "failure to complete the prerequisites necessary for construction was the delaying factor and the plaintiff is the one responsible for the failure to complete the transfer of the property from the defendant to the plaintiff." (Mem. Opp. Summ. Judgment).

{¶34} However, such a duty is absent from the purchase agreement. RCVV identifies no specific facts or evidence raising a genuine issue for trial that SAI had a duty to obtain these documents or that SAI had a duty to do anything other than make payments before RCVV could complete the site work or closing. RCVV's assertion is unsupported, conclusory, and lacks any basis.

{¶35} RCVV also notes SAI's acknowledgment that the purchase agreement lacked a deadline for completion. However, "[w]hen a contract does not state the time for performance, then the law implies a reasonable time for performance, and a factfinder must determine whether the time spent performing is reasonable under the circumstances." *Treadway Gallery, Inc. v. Baylor*, 2023-Ohio-3642, ¶ 11 (1st Dist.), citing *Morton Bldgs., Inc. v. Correct Custom Drywall, Inc*., 2007-Ohio-2788, ¶ 16-17 (10th Dist.). If a party breaches the implied duty to perform within a reasonable time, this constitutes a material breach of the contract. *Morton Bldgs.* at ¶ 16. This reasonable time "is not measured by hours, days, weeks, months, or years." *Id*. at ¶ 17 (citations omitted). It is measured by the circumstances that the parties contemplated at the time they executed the contract. *Id*.

Case No. 25 JE 0003

**{¶36}** Further, while the factfinder generally determines that which constitutes a reasonable time, whether a time delay is unreasonable can become a matter of law if it constitutes an "unexcused significant delay." In *Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau*, 88 Ohio St.3d 292, 300 (2000), the Ohio Supreme Court held that, "[w]hile the question of whether the insured met the notice condition is usually a question for the jury, an unexcused significant delay may be unreasonable as a matter of law." *Id.* at 300. The Court held that if a delay was significant and unexcused, a court could determine that the delay was unreasonable as a matter of law. *Id*.

**{¶37}** In *Hill v. Irons*, 160 Ohio St. 21 (1953), the Ohio Supreme Court determined as a matter of law that a delay of 22 years to perform under a contract was unreasonable when the contract lacked a time deadline. We held in *Cionni v. Reid*, 1991 WL 139579, *3 (7th Dist. July 25, 1991), that while the unreasonableness of time in that breach of contract case could not be determined on a motion to dismiss, the possibility remained that unreasonableness could be determined in a motion for summary judgment. *Id*. We took guidance from 18 Ohio Jurisprudence 3d 101, Contracts, Section 197, that a reasonable time could be determined by a jury or as a matter of law based on the nature of the transaction in the contract. *Id*. In *Park v. Acierno*, 2005-Ohio-1332, ¶ 45 (7th Dist.), we held that a court can impose a reasonable time when a contract lacks a time deadline.

**{¶38}** Accordingly, while the delay in the instant case is not 22 years*,* we find that the nearly 9-year delay is unreasonable as a matter of law. RCVV identifies no specific facts establishing the existence of a genuine issue of material fact that its reasons for not completing the site work were reasonable. RCVV failed to meet its burden of establishing a genuine issue of material fact that SAI was required to provide schematics and permits before RCVV could fully complete its contract obligations. Nor does RCVV meet its reciprocal burden of raising a genuine issue of material fact that by acknowledging the lack of a time deadline in the purchase agreement, SAI agreed to a nearly 9-year time delay to complete the site work. For these reasons, RCVV has failed to meet its reciprocal burden on summary judgment and its assertion to the contrary lacks merit.

**{¶39}** Lastly, RCVV asserts that the trial court failed to construe the facts in a light most favorable to it because it granted SAI's motion for summary judgment. However,

again, RCVV provides no basis or facts supporting this allegation and merely speculates and concludes that the trial court failed to do so.

**{¶40}** Upon review of the trial court's January 15, 2025 Opinion and Judgment Entry, we noticed in its Conclusion section that the court "ordered, adjudged and decreed that Plaintiff shall have Judgment against the **Plaintiff** in the amount of $275,151.46 with interest at the statutory rate from the date of this entry."  (J.E., 5) (emphasis added).  This was obviously a clerical error.

**{¶41}** To clarify the record and docket, we modify that part of the trial court's judgment and order to state that "Plaintiff shall have Judgment against **Defendant** in the amount of $275,151.46 with interest at the statutory rate from the date of this entry."

**{¶42}**  For the reasons stated above, we affirm the trial court's granting of summary judgment in favor of SAI as modified.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 25 JE 0003

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed as modified. We modify the January 15, 2025 Opinion and Judgment Entry of the Jefferson County Court of Common Pleas, to state that it is "ordered, adjudged and decreed that Plaintiff shall have Judgment against Defendant in the amount of $275,151.46 with interest at the statutory rate from the date of this entry." (J.E., 5). Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**